UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MR. KENDRICK FELTON SHORTS                CIVIL ACTION

VERSUS                                    NUMBER: 10-01696

DELI, BAKERY,                             SECTION: "N"(5)
RESTAURANT EMPLOYED

**REPORT AND RECOMMENDATION**

The above-captioned matter came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

A review of plaintiff's complaint reveals a confusing, largely unintelligible document that appears to relate to his non-payment of wages by a former employer for a several-day stretch of work that he performed in October of 2006. (Complt.) The identity of the defendant is not clearly stated nor is an address provided at which service of plaintiff's complaint can be attempted.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1)

a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ..." While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendant fair notice of the claim and the grounds upon which it rests. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); In Re Santa Barbara Like It Is Today Copyright, 94 F.R.D. 105 (D. Nev. 1982). A complaint which violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert. denied, 382 U.S. 966, 86 S.Ct. 458 (1965); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Reading plaintiff's complaint in the liberal manner afforded to pro se pleadings, it is obvious that it is so rambling, confusing, and vague that its true substance, if any, is impossible to ascertain.[1] Defendant cannot reasonably be expected to respond

---

[1] Indeed, four of plaintiff's previous lawsuits have been dismissed for this very reason. Shorts v. Orleans Parish Prisoners, et al., 09-CV-7326 "F"(5) Shorts v. CIA-Police, MR, ALLEN, et al., 09-CV-6793 "F"(1); Shorts v. Of., Deputies Coworkers, et al., 06-CV-1796 "F"(5); Shorts v. Prison, et al., 06-CV-1793 "A"(5).

to such an unintelligible pleading. Moreover, any claim arguably raised by plaintiff's complaint is very likely prescribed. It will therefore be recommended that plaintiff's complaint be dismissed without prejudice.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 11th day of June, 2010.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE